IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**LOYDA MONTANEZ,**

    Plaintiff,

    v.

**EDUCATIONAL TECHNICAL COLLEGE,**

    Defendant.

Civil Action No. 08-2158 (GAG)

### OPINION AND ORDER

This matter is before the court on the defendant's motion for summary judgment. (Docket No. 24.) Plaintiff Loyda Montanez ("Plaintiff") commenced this action after being dismissed from her employment by the defendant. Plaintiff alleges that her employer illegally discriminated against her based on her age and disability in making the decision to terminate her employment.

After reviewing the pleadings and pertinent law, the court **GRANTS** the defendant's motion for summary judgment.

**I.**    **Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the court finds that some

**Civil No. 08-2158(GAG)**                                2

genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party (here, the plaintiff) and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

In disputes involving questions of motive or intent, the movant's burden is particularly rigorous. Unsettled issues regarding motive and intent will often preclude summary judgment. See Lipsett v. Univ. of P.R., 864 F.2d 881, 895 (1st Cir. 1988). Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera, 440 F.3d at 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)). The court should deny summary judgment when the non-moving party "can point to specific facts detailed in affidavits and depositions - that is, names, dates, incidents, and supporting testimony - giving rise to an inference of discriminatory animus." Lipsett, 864 F.2d at 895.

**II.    Relevant Factual & procedural Background**

Plaintiff was an Admissions and Marketing Officer for the defendant Educational Technical College ("EDUTEC"). She began to work for the company in the summer of 1999. EDUTEC is a company dedicated to providing educational services to high school graduates. Plaintiff's duties as an Admissions Officer were to provide guidance to candidates when they entered the institution. These duties included helping clients with documents and admissions requirements concerning courses that the clients were interested in. Additionally, Admissions Officers are required to visit

**Civil No. 08-2158(GAG)**                                                                 3

schools and other commercial centers to hand out information concerning the institution.

At the time she began working at EDUTEC, Plaintiff was 51 years old. Plaintiff alleges that she suffers from a number of health issues including chronic asthma, hypertenstion, and diabetes. Plaintiff further claims that her supervisors at EDUTEC were aware of her asthma and on numerous occasions she had asked for accommodations in her required duties because of her asthma. She has also asked that the building not be cleaned during working hours because the materials used were detrimental to her health.

Plaintiff's last supervisor at EDUTEC was Ms. Isaura Rosario ("Rosario"). Plaintiff contends that, during her employment under the supervision of Rosario, she was discriminated against based on her age and her disability. She claims that Rosario began to harass her as soon as soon as she became supervisor. Plaintiff identifies throughout the pleadings examples of the difficult work environment fostered by Rosario's harassment. The harassment included acts such as directly calling Plaintiff a "stubborn old lady" and making comments about her lack of memory and capacity to follow procedures. She claimed that Rosario favored the younger employees by offering them better cases and paying them even when they would miss work. Further, Plaintiff contends that Ms. Rosario refused to accommodate her disability as she had requested, by requiring her to be exposed to the weather and walk long distances during promotional outings.

On August 24, 2007, Plaintiff was suspended from employment without wage. Plaintiff was given a letter providing two reasons for her suspension. EDUTEC claimed that Plaintiff had disregarded company policy on multiple occasions. On several occasions during her employment, Plaintiff was cited for making personal phone calls during work hours from the company's telephone. During July 2007, EDUTEC's phone bill showed that 21 long distance phone calls had been made from the company's telephone. Plaintiff admits that she made these calls, but claims they were made for emergency purposes. EDUTEC contends that such use is expressly prohibited in their employment handbook. Plaintiff's suspension was also based upon an event in which she allegedly disobeyed a direct order from her supervisor. On August 24, 2007, Plaintiff was meeting

**Civil No. 08-2158(GAG)**                           4

with a student when Rosario told her to leave the student because she was required to go on a promotional activity that day. Plaintiff refused to go, stating that she wanted to finish working with the student. EDUTEC contends that Plaintiff disregarded Rosario's order, by yelling to Rosario that she "was not going anywhere" and would "take whatever time is necessary to finish with the student." (Docket Nos. 24-10 at 6; 24-6 at 6.) Conversely, Plaintiff testified in her deposition that she did not act disrespectfully towards her supervisor and that it was Rosario who began yelling at her to finish with the student and go on the activity. She further testified that, contrary to EDUTEC's claims, she timely attended the outing and left when she was told to. Plaintiff contends that these allegations of insubordination were fabricated by Rosario and further demonstrate the discriminatory animus which she faced at work. Nevertheless, Plaintiff was suspended as a result of this incident.

On August 30, 2007, following her suspension, Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") as well as the Puerto Rico Department of Labor Anti-Discrimination Unit. The charge was regarding the hostile and discriminatory work environment fostered against her by her supervisor Rosario. On September 5, 2007, and September 7, 2007, Plaintiff attended career guidance conferences in the Los Laureles and Virgilio Davila housing projects respectively. Although suspended, Plaintiff represented EDUTEC at both of these conferences without authorization from her employer. Further, during her suspension, Plaintiff took EDUTEC's documentation containing the candidates' biographies and contact information as well as a binder containing the annotations she worked with daily. Plaintiff admits that these documents are EDUTEC property and cannot be removed without express authorization.

Plaintiff's employment was terminated on September 19, 2007. EDUTEC cited Plaintiff's unauthorized representation at these conferences as well as her unauthorized removal of EDUTEC property from the premises as reasons for her dismissal. Plaintiff did not appeal her dismissal. On September 21, 2007, Plaintiff filed a second administrative charge with the EEOC and the

**Civil No. 08-2158(GAG)**                                    5

Department of Labor Anti-Discrimination Unit alleging retaliation under Title VII, claiming that her employment was terminated in retaliation for the claim she filed on August 30, 2007. Plaintiff testified in her deposition to comments made by President of EDUTEC Emilio Hayke, in which he threatened termination of any employee that filed a complaint against the company. On December 14, 2007, the EEOC issued a Dismissal and Notice of Rights notification in response to the September 21 retaliation claim. Under the Notice of Rights, Plaintiff had 90 days from receipt to file her Title VII claim. On March 4, 2008, the Anti- Discrimination Unit issued a Notice of Right to Sue on the August 30 claim. On September 10, 2008 the EEOC issued its Notice of Right to Sue on the August 30 claim.

On October 13, 2008, Plaintiff filed her claim in the United States District Court for the District of Puerto Rico alleging intentional discrimination based on her age and disability as well as retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq.; the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 USC §12101 et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §623 et seq.; under the Constitution of Puerto Rico; Puerto Rico Law 80 of May 30, 1976, as amended, P.R. Laws Ann. t.29 § 185 et seq.; P.R. Law No. 100 of June 30, 1959, as amended, P.R. Laws Annot. t. 29 § 146 et seq.; Law Num. 44 of July 2, 1985, as amended, P.R. Laws Ann. tit 1, §§ 501-511; and P.R. Law 115 of December 20, 1991, as amended, P.R. Laws Ann. tit. 29, §§ 194-194 (b).

**III.   Legal Analysis**

    **A.   Claims Under the ADA**

The ADA prohibits discrimination against a qualified individual with a disability by reason of the individual's disability in all employment practices. 42 U.S.C §12112(a); Sutton v. United Air Lines, Inc., 527 U.S. 471, 475 (1999). The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position. 42 U.S.C § 12111(8). In order to be protected under the statute, the disability which the plaintiff cites must consist of a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102 (1)(A); Carroll v. Xerox Corp., 294 F.3d 231, 238 (1st Cir.

**Civil No. 08-2158(GAG)**                                            6

2005).

In the absence of direct evidence of discrimination, courts apply the burden-shifting framework first established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 (1973).  See Castro-Medina v. Procter & Gamble Commercial Co., 565 F.Supp.2d 343, 357 (D.P.R.2008).  Under the burden-shifting framework the plaintiff must first establish a *prima facie* case of discrimination.  E.E.O.C v. Amego, Inc., 110 F.3d 135, 142 (1st Cir. 1997).  To establish a *prima facie* case, the plaintiff must show that (1) he or she was disabled within the meaning of the act; (2) that they were able to perform the essential functions of the job with or without an accommodation; and (3) the they were discharged in whole or in part because of the disability.  Dichner v. Liberty Travel, 141 F.3d 24, 19-30 (1st Cir. 1998).  Once this case is established, the burden of production shifts to the employer to articulate a non-discriminatory reason for the firing.  See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).  If such a reason can be established, the *prima facie* case fails unless the plaintiff can provide evidence that the employer's reasoning was merely pretext for the discriminatory intent.  Id.

Defendant EDUTEC claims in its motion that Plaintiff has failed to demonstrate any of the three elements necessary to establish a *prima facie* case.  (Docket No. 24 at 13.)  The court will address the third element, as Plaintiff's failure to meet any of the three *prima facie* elements is dispositive of the entire claim.  See Mulloy v. Acushnet Co., 460 F.3d 141, 154 n.8 (1st Cir. 2006).

The court agrees with EDUTEC that Plaintiff has failed to meet her burden to establish a *prima facie* case under the ADA.  Nothing in Plaintiff's proffered evidence demonstrates that the adverse employment actions taken against her were a product of discriminatory animus prompted by her disability.  While Plaintiff does cite a number of discriminatory actions directed at her by her supervisor Rosario, Plaintiff makes no contention, nor does she provide any corroborating evidence, that any of these actions were fostered by disability-based animus. (See e.g. Docket Nos. 32-6; 32-7; 32-16 at 2; Docket No. 45-2 at 9; 10; 12; 14; 15; 17; 18; 19; 24).  The court is unable to make the inference form these facts that EDUTEC's actions were disability-based, since the record is devoid of any evidence linking EDUTEC's action to such animus.  See Forestier Fradera v. Municipality

**Civil No. 08-2158(GAG)**                              7

of Mayaguez, 440 F.3d 17, 23 (1st Cir. 2006) (finding that a record that lacked "any reasonable basis for an inference" that a discriminatory action was based on plaintiff's disability could not suffice to meet plaintiff's burden); see also United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("it is not the court's responsibility-let alone within its power-to cull the entire discovery record looking for facts which might convert such a bald assertion of discrimination into a triable issue.").

Plaintiff also alleges, under the ADA, that Rosario's constant harassment created a hostile work environment. "To make out a claim under the ADA for hostile work environment, the plaintiff must show that the employer engaged in harassment so severe or pervasive as to alter conditions of employment and create abusive working environment." Rodriguez v. Loctite Puerto Rico, Inc., 967 F.Supp. 653, 663 (D.P.R. 1997). "In addition to proving the severity of the harassment, the plaintiff must show . . . that the harassment was based on the disability." Id.  Plaintiff's hostile work environment claim suffers the same deficiency as the court has previously discussed.  Although she has cited numerous acts of alleged discriminatory treatment (see e.g. Docket Nos. 32-6; 32-7; 32-16 at 2; Docket No. 45-2 at 9; 10; 12; 14; 15; 17; 18; 19; 24), she has failed to link these actions to any disability-based animus.  The First Circuit has held that "rudeness or ostracism, standing alone, usually is not enough to support a hostile work environment claim." Noviello v. City of Boston, 398 F.3d 76, 92 (1st Cir. 2005).  Because of her failure to present evidence linking this treatment to disability-based animus, Plaintiff's proffered record lacks the necessary elements for her to establish a hostile work environment claim under the ADA.

Plaintiff has failed to present evidence sufficient to satisfy her burden to bring a claim under the ADA, therefore, the court **GRANTS** EDUTEC's motion for summary judgment on Plaintiff's ADA claim.

**B.      Claims Under the ADEA**

The Age Discrimination in Employment Act (ADEA) makes it unlawful for an employer to "fail or refuse to hire or discharge any individual or otherwise discriminate against any individual. . . because of such individual's age." 29 U.S.C § 623 (a)(1).  In assessing an ADEA claim, the court applies a similar burden shifting framework as established in McDonnell Douglass.  See Reeves, 530

**Civil No. 08-2158(GAG)**                                8

U.S. 133 at 142; Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113 (1st Cir. 1993) (citations omitted). To establish a *prima facie* case under the ADEA framework, a plaintiff must prove four elements: (1) that she was over 40 years old; (2) that she has met her employer's legitimate job expectations; (3) that the employer took adverse action against her (4) and that the employer did not treat age neutrally. Herbert v. Mohawk Robber Co., 872 F.2d 1104, 1111 (1st Cir. 1989). The Supreme Court has recently declared that "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action." Gross v. FBL Fin. Services, Inc., 129 S.Ct. 2343, 52 (2009). The Court declared in Gross that this "but for" standard is a much higher standard than that which has been applied in Title VII cases.[1] Id. at 2351.

      EDUTEC argues that Plaintiff is unable to produce either direct or circumstantial evidence that demonstrates that Plaintiff's age was the "but for" cause of the adverse employment decision. Based upon First Circuit precedent, the court finds this argument persuasive. The only evidence that Plaintiff presents to substantiate the age discrimination claim is a statement made by her supervisor Rosario in which she referred to Plaintiff as a "stubborn old lady" and made "detrimental comments about her mental capacity." (Docket No. 32 at 13.) The First Circuit has held that stray remarks in the workplace are normally insufficient to establish either pretext or the requisite discriminatory animus. Gonzalez v. El Dia Inc., 304 F.3d 63, 69 (1st Cir. 2002); see also Speen v. Crown Clothing Corp., 102 F.3d 625, 636 (1st Cir. 1996) ("[A]mbiguous remarks, tending to suggest animus based on age, are insufficient, standing alone to prove an employer's discriminatory intent.") (citations omitted). Plaintiff offers no other evidence of discriminatory animus based on her age. Plaintiff

---

[1] Title VII protection has recently been amended by explicitly authorizing discrimination claims in which an improper consideration was a "motivating factor" in an adverse employment decision. See 42 U.S.C § 200e-2(m).

**Civil No. 08-2158(GAG)**                                         9

does offer other allegations of discriminatory treatment by her supervisor.[2] However, as the record offers little evidence that these acts were motivated by Plaintiff's age, she is unable to create an inference that the adverse employment actions taken against her were motivated by age-based discrimination.

Plaintiff is also unable to present sufficient evidence to demonstrate that such animus may have given rise to a hostile work environment. The First Circuit has recognized that hostile work environment claims are actionable under the ADEA. See Collazo v. Nicholson, 535 F.3d 41, 44 (1st Cir. 2008). "To prove a hostile work environment claim, a plaintiff must provide sufficient evidence from which a reasonable jury could conclude that the offensive conduct is severe and pervasive enough to create an objectively hostile or abusive work environment and is subjectively perceived by the victim as abusive." Marrero v. Schindler Elevator Corp., 494 F. Supp. 2d 102, 110 (D.P.R. 2007) (quotation omitted). "When assessing whether a workplace is a hostile environment, courts look to the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is threatening or humiliating, or merely an offensive utterance; and whether it unreasonably interferes with the employee's work performance." Rivera-Rodríguez v. Frito Lay Snacks Caribbean, 265 F.3d 15, 24 (1st Cir. 2001).

Once again, Plaintiff's proffered evidence falls short of providing a sufficient record to make a finding of age based animus. The isolated comments which Plaintiff points to as evidence of age discrimination have regularly been held to be insufficient to establish such a claim. See Franco v. Glaxosmithkline, 2009 WL 702221 at *27 (D.P.R. 2009) (holding that "remarks that [plaintiff] was an 'old man', [made 3 to 4 times per day], although perhaps insensitive and unprofessional, are insufficient in an isolated fashion to establish discriminatory animus."); see also Villega-Reyes v. Universidad Interamericana de P.R., 476 F. Supp. 2d 84, 92 (D.P.R. 2007) (finding that constantly

---

[2] In Plaintiff's brief, she points to such actions as isolating the plaintiff; removing candidates from Plaintiff's desk to dampen her production quotas; insulting the plaintiff; isolating her from her coworkers; misrepresenting facts in order to harm Plaintiff's reputation. (Docket No. 32 at 13.)

**Civil No. 08-2158(GAG)**                               10

calling plaintiff old on a daily basis was insufficient to form basis for claim of hostile environment.) Provided with only evidence of these stray remarks uttered by Plaintiff's supervisor, the court is unable to entertain Plaintiff's ADEA claim.

Because Plaintiff has failed to present evidence sufficient to satisfy her burden, the court **GRANTS** EDUTEC's motion for summary judgment on Plaintiff's ADEA claim.

**C.     Title VII Claims**

Plaintiff alleges that EDUTEC infringed her rights under Title VII when she was intentionally discriminated against based on her age and physical disability as well as through an alleged retaliatory dismissal. The language of Title VII specifically states, "It shall be an unlawful employment practice for an employment agency . . . to discriminate against, any individual because of his *race, color, religion, sex, or national origin*." 42 U.S.C. § 2000e-2 (emphasis added). Plaintiff has failed to allege any discriminatory act based upon the classes protected under Title VII. Therefore, all of Plaintiffs claims under Title VII must fail.

Plaintiff pleads a retaliation claim under 42 U.S.C. § 2000e-3(a) which "forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 60 (2006) (citing 42 § 2000e-3(a)). To prove a *prima facie* case of retaliation Plaintiff must allege that: (1) she engaged in protected conduct under Title VII; (2) she suffered an adverse employment action; and (3) the adverse action was causally connected to the protected activity. Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir. 2009). An employee has engaged in activity "protected by Title VII" if she has either "(1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." Id. (internal citation omitted). Plaintiff alleges that EDUTEC dismissed her in retaliation for the claim she filed with the EEOC. This claim was based on both age and disability- based discrimination, neither of which are protected classes under Title VII. Therefore, because Plaintiff is unable to meet the first requirement

**Civil No. 08-2158(GAG)**                                    11

of her *prima facie* case, her claim of retaliation under Title VII fails.[3]

Plaintiff has failed to state a claim under Title VII for which relief can be granted, consequently, the court **GRANTS** Defendant's motion for summary judgment on Plaintiff's claims under Title VII.

**D.     Supplemental Jurisdiction Over Local Claims**

Defendant EDUTEC alleges that Plaintiff's pendent claims should be dismissed for lack of subject matter jurisdiction. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). In cases where the federal claims are dismissed, "the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. The use of supplemental jurisdiction in these circumstances is completely discretionary, and is determined on a case-by-case basis. Id.; see also Rodríguez Cirilo v. García, 908 F.Supp. 85, 92 (D.P.R. 1995) ("The assertion of supplemental jurisdiction over state law claims is within a federal court's discretion. If federal law claims are dismissed before trial, however, the state law claims should also be dismissed.") (citation omitted).

Because this court has granted EDUTEC's motion for summary judgment in regards to all the underlying federal claims, the court declines to exercise supplemental jurisdiction over the remaining Puerto Rico law claims. Thus, the court **GRANTS** the defendants' motion on this ground and dismisses all of the plaintiff's supplemental state-law claims without prejudice.

---

[3] While claims for retaliatory adverse employment actions exist under both the ADEA (29 U.S.C.A. § 623(d)) and the ADA (42 U.S.C. § 12203(a)) Plaintiff has failed to plead either of these causes of action in her complaint. EDUTEC also avers that Plaintiff's retaliation claim under Title VII is time barred. While the court recognizes this argument as both true and uncontested, the issue is moot as Plaintiff has failed to file a claim under Title VII upon which relief can be granted.

**Civil No. 08-2158(GAG)**                              12

**IV.     Conclusion**

       For the foregoing reasons, the court **GRANTS** EDUTEC's motion for summary judgment.

**SO ORDERED**

In San Juan, Puerto Rico this 6th day of October, 2009.

                             *S/Gustavo A. Gelpí*
                             GUSTAVO A. GELPÍ
                             United States District Judge